IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

IN RE EX PARTE PETITION OF
UNIVERSAL BEVERAGE COMPANY, INC. AND
UNIVERSAL COMPANY 2000, INC. FOR AN
ORDER PURSUANT TO 28 U.S.C. § 1782 TO
OBTAIN DISCOVERY FOR USE IN A
FOREIGN PROCEEDING                                      CASE NO. 3:25CV00124 JM

MIRTECH HARVEST CENTER, INC.                            RESPONDENT

## ORDER

Pending is Respondent's motion to reconsider the Order unsealing this case. Respondent contends that the case should remain under seal because some of the allegations are unproven. Petitioners argue that Respondent has not identified any valid reason to seal the case.

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and to keep a watchful eye on the workings of public agencies." *Id.* (internal citations and quotations omitted). The right to access is not absolute, however. "Whether the common-law presumption can be overcome is determined by balancing 'the interests served by the common-law right of access ... against the salutary interests served by maintaining confidentiality of the information sought to be sealed.' In order to adjudicate the issue, a court must first decide if the documents in question are 'judicial records,' and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access that would otherwise apply to such records." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (quoting *Nixon*, 435 U.S. at 1222–23). "The

presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Id.* (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)).

There is no dispute that the documents in this case are judicial records. Respondent argues that the Court should seal the matter "to prevent the scathing and unfounded accusations found within the filings from being utilized as libelous fodder." (Br. in Supp. of Mot., ECF No. 15 at p. 2). Respondent merely points to the underlying Russian proceeding, a news article, and unfiled correspondence between Petitioner's and Respondent's counsel. The fact that there is an underlying Russian proceeding involving the Petitioner is not libelous, and the Reuters article included as an exhibit in the petition does not identify Respondent. Further, counsel's correspondence in not in the record. The Court finds that Respondent has failed to present a compelling reason to restrict public access to the case.

Accordingly, Respondent's motion (ECF No. 14) is DENIED. The Clerk is directed to unseal the case.

IT IS SO ORDERED this 12th day of August, 2025.

_____
James M. Moody Jr
United States District Judge