**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**IN RE EX PARTE PETITION OF**
**UNIVERSAL BEVERAGE COMPANY, INC. AND**
**UNIVERSAL COMPANY 2000, INC. FOR AN**
**ORDER PURSUANT TO 28 U.S.C. § 1782 TO**
**OBTAIN DISCOVERY FOR USE IN A**
**FOREIGN PROCEEDING**                          **CASE NO. 3:25CV00124 JM**

**MIRTECH HARVEST CENTER, INC.**                          **RESPONDENT**

## ORDER

Pending is Mirtech's Motion for Protective Order. During a telephone conference on January 20, 2026, Mirtech withdrew specific requests from the motion. The Court took Mirtech's request for attorneys' fees and costs under advisement. Mirtech filed an itemized list of fees and costs it incurred to comply with Universal Beverage Company's ("UBC") discovery requests. UBC has not responded.

A fee award is calculated based upon the "lodestar" determination, the starting point of which is the number of hours reasonably spent multiplied by the applicable hourly market rate for legal services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In making the lodestar determination, the Eighth Circuit Court of Appeals also considered the twelve factors approved in *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645 (8th Cir. 1981) (adopting guidelines set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)): (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment, due to acceptance of case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience,

reputation, and ability of the attorneys;  (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. *Hensley*, 461 U.S. at 434. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Courts "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

## I.      Requested Hourly Rates

The Court finds the hourly rates of Mr. McNulty, Ms. Reynolds, Ms. Stephens and Ms. Torres to be reasonable based on the novelty and complexity of UBC's request for discovery under 11 U.S.C. § 1782 for use in an international dispute. Further, the rates are consistent with the market rate in Little Rock for a paralegal and for attorneys with the background and experience of Mr. McNulty, Ms. Reynolds, and Ms. Stephens.

## II.     Number of Hours

Considering the amount of time Mirtech's counsel spent extracting relevant information and reviewing it for confidentiality and privilege, including translation into English, and the production of the documents, the Court finds the number of hours billed by Mirtech's attorneys to be reasonable. Further, the Court is limiting the reimbursable hours to 125.50, only those spent extracting and reviewing the information requested by UBC.

The Court finds an award of $39,236.00 to be the appropriate lodestar amount. After careful review, the Court finds Mirtech is entitled to $39,236.00 in attorneys' fees, $3,368.75 in expenses for the services of Pivot Legal Services, $3,424.82 for Epiq eDiscovery Solutions, and $150 for notary expenses for a total of $46,179.57.

In conclusion, Mirtech's Motion for Protective Order (Doc. No. 32) is GRANTED IN PART. Mirtech is awarded $39,236.00 in attorneys' fees and $6,943.57 in costs and expenses, for a total of $46,179.57.

IT IS SO ORDERED this 21st day of April, 2026.

_____
James M. Moody Jr.
United States District Judge